UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRECIA P. | ) | NO. SA CV 18-1589-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | **AND ORDER OF REMAND** |
| Defendant. | ) ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 6, 2018, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 1, 2018. Plaintiff filed a motion for summary judgment on January 14, 2019.

Defendant filed a motion for summary judgment (entitled a "Memorandum in Support of Defendant's Answer") on April 3, 2019. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed September 11, 2018.

**BACKGROUND**

Plaintiff, a former certified nurse assistant and staffing coordinator, alleges disability since June 26, 2013, based on, inter alia, claimed mental impairments (Administrative Record ("A.R.") 37, 54, 477, 484, 493, 514, 634, 655, 1109). Plaintiff claims significant, progressively worsening mental impairments following a June, 2013 motor vehicle accident in which she suffered a serious head injury (id.). Plaintiff testified she has "word-finding issues," anxiety, depression, memory problems and an inability to concentrate (A.R. 477-500). Plaintiff earlier reported similar mental problems to her licensed clinical social worker (A.R. 1621). An EEG revealed moderate left temporal dysfunction and mild right temporal dysfunction (A.R. 1110). Dr. Christopher A. Pierce, an examining neuropsychologist, observed: "[I]t is clear that [Plaintiff] suffers from considerable emotional distress with a great deal of anxiety and some modest transitory symptoms of depression" (A.R. 1260). Dr. Pierce diagnosed "history of head injury," "anxiety disorder," and "depressive disorder." Id. Dr. Pierce recommended individual psychotherapy and a psychiatric evaluation. Id. Dr. Pierce also administered certain neuropsychological tests, the results of which Dr. Pierce deemed invalid (A.R. 1259). Plaintiff "performed at least adequately" on some of Dr. Pierce's tests, however, and those tests

reflected below average "executive functions," a severe level of anxiety symptoms, a moderate level of depressive symptoms and a moderate level of feelings of hopelessness (A.R. 1259). Dr. Allen J. Fearey, a treating physician, included "memory loss" as among the reasons Dr. Fearey believed that Plaintiff could not perform any gainful employment (A.R. 1109). By contrast, a non-examining state agency physician opined Plaintiff has no medically determinable mental impairment whatsoever (A.R. 537-38).

In evaluating Plaintiff's alleged mental impairments, the ALJ expressly declined to order a consultative examination of Plaintiff (A.R. 40). Without further record development, the ALJ found Plaintiff's mental impairments medically determinable, but not severe (A.R. 43). The ALJ assessed a limited physical residual functional capacity but an unlimited mental residual functional capacity (A.R. 45). The ALJ determined that a person having this capacity could perform Plaintiff's past relevant work as a staffing coordinator (A.R. 54). The ALJ's decision finding Plaintiff not disabled is dated June 21, 2017 (A.R. 55).

Plaintiff submitted additional medical evidence to the Appeals Council while seeking review of the ALJ's decision (A.R. 1-24). The Appeals Council made some of this additional evidence part of the administrative record (id.).

The additional evidence made part of the administrative record included a "Neuropsychological Evaluation Report" based on testing occurring in October-November of 2017 (A.R. 8-17). In this report,

Dr. Julia Evans, a licensed clinical psychologist, found significant cognitive deficits "likely related" to Plaintiff's 2013 motor vehicle accident (A.R. 13). The testing results, which Dr. Evans deemed valid, revealed significant deficits in processing speed, language, learning, memory and executive functioning (A.R. 12). Dr. Evans determined that Plaintiff met the criteria for major neurocognitive disorder and recommended, among other things, that Plaintiff receive "supervision" at least part of the time (A.R. 13-14).

Defendant concedes that, in the present case, the Appeals Council considered the "Neuropsychological Evaluation Report" (Defendant's Motion at 6). The Appeals Council nevertheless denied review (A.R. 1-3). The Appeals Council apparently disagreed with Dr. Evans' conclusion that the "Neuropsychological Evaluation Report" confirmed the existence of significant mental impairments "likely related" to Plaintiff's 2013 motor vehicle accident. The Appeals Council stated rather that the report did not "relate to the period at issue" and did not "affect the decision about whether [Plaintiff was] disabled beginning on or before June 21, 2017" (A.R. 2).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

Where, as here, the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Commissioner, 682 F.3d at 1163. "As a practical matter, the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is evidence upon which the findings and decision complained of are based." Id. (citations and quotations omitted).[1] Thus, this Court reviews the newly submitted "Neuropsychological Evaluation Report," not under sentence six of 42

///
///
///
///
///

---

[1] And yet, the Ninth Circuit sometimes had stated that there exists "no jurisdiction to review the Appeals Council's decision denying [the claimant's] request for review." See, e.g., Taylor v. Commissioner, 659 F.3d 1228, 1233 (9th Cir. 2011); see also Warner v. Astrue, 859 F. Supp. 2d 1107, 1115 n.10 (C.D. Cal. 2012) (remarking on the seeming irony of reviewing an ALJ's decision in the light of evidence the ALJ never saw).

U.S.C. section 405(g), but under sentence four thereof.[2]

**DISCUSSION**

Social Security Ruling ("SSR") 85-28 governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found "not severe" . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities.
>
> * * *

///

///

---

[2] A reviewing court also may consider new evidence made a part of the administrative record where the Appeals Council should have considered such evidence but failed to do so. See Taylor v. Commissioner, 659 F.3d at 1232-33 (Appeals Council erroneously failed to consider newly submitted evidence; Ninth Circuit considered the new evidence in reversing administrative decision).

> Great care should be exercised in applying the not severe
> impairment concept. If an adjudicator is unable to
> determine clearly the effect of an impairment or combination
> of impairments on the individual's ability to do basic work
> activities, the sequential evaluation process should not end
> with the not severe evaluation step. Rather, it should be
> continued.

SSR 85-28 at *3-4;[3] see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims"); accord Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

In the present case, the Court's review of the record concludes that the medical evidence does not "clearly establish" the non-severity of Plaintiff's alleged mental impairments. Especially in light of the "Neuropsychological Evaluation Report," this conclusion is nearly inescapable. Although the record contains conflicting evidence regarding the severity of Plaintiff's mental problems, no such conflict "clearly establish[es]" the non-severity of those problems during the relevant time frame. At a minimum, therefore, the Administration's "non-severity" finding violated SSR 85-28 and the Ninth Circuit authorities cited above. See id.; see also Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of

---

[3] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

7

poor judgment in seeking rehabilitation") (citation and quotations omitted).

Respondent argues that the Administration's non-severity finding was harmless because the Administration was required to consider even non-severe medically determinable impairments when assessing Plaintiff's residual functional capacity. The Court is unable to find the error harmless under the circumstances of the present case.

First, the Administration further erred by failing fully and fairly to develop the record concerning Plaintiff's alleged mental impairments. "The ALJ has a special duty to fully and fairly develop the record to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v. Commissioner, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."); Widmark v. Barnhart, 454 F.3d at 1068 (while it is a claimant's duty to provide the evidence to be used in making a residual functional capacity determination, "the ALJ should not be a mere umpire during disability proceedings") (citations and internal quotations omitted). The Administrations's duty to develop the record is "especially important" "in cases of mental impairments." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). Given the evidence in the record, including the reported invalidity of the initial neuropsychological testing, the Administration should have

ordered a consultative examination of Plaintiff by a mental health professional. See id.

Second, the newly submitted evidence suggests that fuller development of the record might well have altered the residual functional capacity assessment so as to include at least some mental limitations. See Taylor v. Commissioner, 659 F.3d at 1233 (appropriate to remand for the ALJ to reconsider the decision in light of new and material evidence submitted to the Appeals Council and made a part of the record); see also Gardner v. Berryhill, 856 F.3d 652, 658 (9th Cir. 2017) ("we have affirmed district court denials of remand notwithstanding the existence of new evidence only when there would be substantial evidence supporting the ALJ's denial of disability benefits even if the new evidence were credited and interpreted as argued by the claimant"); see generally McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the circumstances of the case that further administrative review is needed to determine whether there was prejudice from the error") (citations and quotations omitted).

Remand is appropriate because the circumstances of this case suggest that further development of the record and further administrative review could remedy the Administration's errors. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808

F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases").

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 10, 2019.

/s/<br>
CHARLES F. EICK<br>
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

10